# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 28269569
Date Processed: 01/04/2024

| | |
|---|---|
| Primary Contact: | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>3 Nationwide Plz<br>Columbus, OH 43215-2410 |
| Electronic copy provided to: | Ashley Roberts |
| Entity: | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| Entity Served: | Nationwide Mutual Insurance Company |
| Title of Action: | Theresa Vogel and Hermie Vogel vs. Nationwide Mutual Insurance Company |
| Matter Name/ID: | Theresa Vogel and Hermie Vogel vs. Nationwide Mutual Insurance Company (11565489) |
| Document(s) Type: | Notice and Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Northampton County Court of Common Pleas, PA |
| Case/Reference No: | C-48-CV-2021-06908 |
| Jurisdiction Served: | Ohio |
| Date Served on CSC: | 01/04/2024 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Nationwide Mutual Insurance Company |
| How Served: | Client Direct |
| Sender Information: | Bruno Law<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



US POSTAGE $001.11° DEC 28 2023
ZIP 18042
02 7H
0006082294

FIRST-CLASS

Nationwide Mutual Insurance Company
c/o CSC
50 West Broad Street, Suite 1330
Columbus, OH 43215

**BRUNO LAW**
THE RIEGEL MANSION
P.O. BOX 468
44 NORTH SECOND STREET
EASTON, PA 18044-0468

December 27, 2023

*Via First Class Mail &*
*Certified Mail, Return Receipt Requested –*
*7021 1970 0000 3621 4654*
Nationwide Mutual Insurance Company
c/o CSC
50 West Broad Street, Suite 1330
Columbus, OH 43215

*Via First Class Mail &*
*Certified Mail, Return Receipt Requested –*
*7021 1970 0000 3621 4661*
Larry J. Czeponis
Nationwide Mutual Insurance Company
P.O. Box 182068
Columbus OH 43218-2068

RE:   Theresa Vogel, et al. v. Nationwide Mutual Insurance Company
      Docket No.: C-48-CV-2021-06908
      Claim No.: 948849-GF

Dear Sir/Madam:

Enclosed herein please find a copy of Plaintiffs' Complaint which was filed with the Northampton County Court of Common Pleas on Friday, December 22, 2023 in regards to the above referenced matter.

If you have any questions or concerns, please do not hesitate in contacting our office.

Very truly yours,

/s/ *Charles Bruno*

Charles Bruno
CB/leo
Enclosure

**BRUNO LAW**
44 North Second Street
P.O. Box 468
Easton, PA 18044
(610) 258-4003
Attorneys for Plaintiffs

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA**
**CIVIL ACTION - LAW**

| | |
|---|---|
| THERESA VOGEL and HERMIE VOGEL,<br><br>               Plaintiffs<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>               Defendants. | File No. C-48-CV-2021-06908<br><br>JURY TRIAL DEMANDED |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance, personally or by attorney, and filing, in writing, with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property, or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

                Northampton County Bar Association
                      Lawyer Referral Service
                      155 South Ninth Street
                      Easton, Pennsylvania
                      (610) 258-6333



**BRUNO LAW**
44 North Second Street
P.O. Box 468
Easton, PA 18044
(610) 258-4003
Attorneys for Plaintiffs

### IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA
### CIVIL ACTION - LAW

| | |
|---|---|
| THERESA VOGEL and HERMIE VOGEL, <br><br>　　　　　　　　Plaintiffs <br><br>　　vs. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br>　　　　　　　　Defendants. | File No. C-48-CV-2021-06908 <br><br> JURY TRIAL DEMANDED |

### COMPLAINT

1. Plaintiffs, Theresa and Hermie Vogel, husband and wife, are adult individuals residing at 1026 West Wilkes Barre Street, Easton, Northampton County, Pennsylvania.

2. Defendant, Nationwide Mutual Insurance Company, is a sole proprietorship, partnership or corporation doing business in the Commonwealth of Pennsylvania with its principal place of business at 1 Nationwide Plaza, Columbus, Ohio.

3. As of September 13, 2017, Plaintiffs were insured under the terms of an automobile insurance policy underwritten and issued by Defendant, Defendant as insurer under said policy, numbered 5837C 958070.

4. On or about September 13, 2017, Plaintiff, Theresa Vogel, was driving her insured vehicle, a 2010 Honda Civic, in the southbound direction on North Delaware Drive, Forks Township, Northampton County, Pennsylvania.

5. On or about September 13, 2017, while Plaintiff was traveling southbound,

another unidentified vehicle driving eastbound on Frost Hollow Road, turned left onto North Delaware Drive in front of Plaintiff, subsequently causing Plaintiff to swerve to avoid hitting the unidentified vehicle, and as a result, caused Plaintiff to crash into a guardrail causing damage to the Plaintiff's vehicle and serious personal injuries to the Plaintiff herself.

6. After the unidentified driver of the unidentified vehicle caused the accident identified above, said unidentified driver fled the scene and is yet to be identified as of the filing of this Complaint.

7. At all times material hereto, the actions and/or inactions of the unidentified driver referred to above were careless and without due regard for the safety of the Plaintiff, Theresa Vogel, thereby constituting negligence.

8. At all times material hereto, the specific acts of negligence on the part of the unidentified driver on the date of the accident in question consisted of the following:

(a) Failing to obey the relevant traffic sign in driving through a stop sign facing in his/her direction;

(b) Failing to keep a careful and diligent watch on the roadway;

(c) Failing to warn the Plaintiff of his/her approach;

(d) Failing to avoid contact with Plaintiff's vehicle which was in open view;

(e) Operating the vehicle at an unsafe speed, not allowing adequate reaction time, and subsequently crashing into the vehicle with the Plaintiff was operating;

(f) Operating the vehicle without regard for the safety, rights and position of the Plaintiff at the aforesaid point by failing to property observe traffic conditions;

(g) Failing to maintain control of his/her vehicle;

(h) Operating and/or observing an interactive wireless connection device

while driving; Evidentiary support for this allegation will be obtained through reasonable discovery;

(i) Operating his/her vehicle while distracted;

(j) Failing to yield to the Plaintiff's vehicle which had the right of way;

(k) Failing to observe the Plaintiff's vehicle which was traveling on the roadway;

(l) Entering/crossing a lane of travel when it was not safe to do so;

(m) Turning left in front of a vehicle who had the right of way;

(n) Failing to signal his/her turn;

(o) Moving and/or turning his/her vehicle when it was unsafe to do so;

(p) Failing to observe and have due regard to the applicable statutory provisions of the laws of the Commonwealth of Pennsylvania when he/she was operating his/her vehicle thereby constituting negligence per se, specifically:

    (1) Operating his/her vehicle in a careless manner in violation of 75 Pa. C.S.A. § 3714 by:

        (aa) failing to keep a careful and diligent watch on the roadway;

        (bb) failing to maintain control of his/her vehicle;

        (cc) failing to warn the Plaintiff of his/her approach;

        (dd) exceeding the lawful speed limit;

        (ee) operating the vehicle at an unsafe speed and not allowing adequate reaction time;

        (ff) operating and/or observing an interactive wireless connection device while driving; Evidentiary support for

J00177212021010424

    this allegation will be obtained through reasonable discovery;

 (gg) failing to yield the right of way;

 (hh) operating the vehicle while distracted;

 (ii) failing to signal his/her turn;

 (jj) moving and/or turning the vehicle when it was not reasonably safe to do so.

(2) Defendant failed to drive on right side of roadway in violation of 75 Pa. C.S.A. § 3301;

(3) Defendant failed to comply with the provisions of 75 Pa. C.S.A. § 3302 pertaining to motor vehicles proceeding in the opposite direction;

(4) Defendant failed to properly drive on the roadway, bound for traffic in violation of 75 Pa. C.S.A. § 3309;

(5) Defendant failed to obey traffic control devices in violation of 75 Pa. C.S.A. § 3111;

(6) Defendant failed to obey traffic control signals in violation of 75 Pa. C.S.A. § 3112;

(7) Defendant operated and/or observed an interactive wireless connection device while driving in in violation of 75 Pa.C.S.A. §3316; Evidentiary support for this allegation will be obtained through reasonable discovery;

(8) Defendant operated his/her vehicle turning left into a road or driveway and did not yield the right of way to Plaintiff coming in the

opposite direction in violation of 75 Pa.C.S.A. §3322;

(9) Defendant failed to yield the right-of-way to the Plaintiff's vehicle in violation of 75 Pa.C.S.A. §3324;

(10) Defendant operated his/her vehicle so as to cross a lane of travel without yielding the right of way to approaching vehicles in violation of 75 Pa.C.S.A. §3324;

(11) Defendant moved his/her vehicle when it was not safe to do so in violation of 75 Pa.C.S.A. §3333;

(12) Defendant operated his/her vehicle by moving and/or turning it when it was not reasonably safe to do so in violation of PA 75 Pa.C.S.A. §3334 (a);

(13) Defendant failed to properly signal his/her turn in violation of PA 75 Pa.C.S.A. §3334 (b);

(14) Defendant failed to drive his/her vehicle at a safe speed in violation of 75 Pa.C.S.A. §3361;

(15) Defendant failing to obey the posted speed limits in violation of 75 Pa. C.S.A. § 3362;

(16) Defendant failed to comply with the requirements involved with accidents involving death or personal injury by fleeing the scene of the accident in violation of 75 Pa. C.S.A. § 3742.

9. As a direct and proximate result of the above-described occurrence, the Plaintiff, Theresa Vogel, suffered severe bodily injuries including but not limited to a disc herniation and/or protrusion at L3-4, injuries to her disks, spinal cord and/or nerves, right leg, left leg, radiculopathy in her legs, nerves in her lumbar spine area, and aggravation of pre-existing

cervical and lumbar injuries, as a result of which she was rendered sick, sore and disabled, all of which have been to her great financial loss.

10. As a direct and proximate result of the negligence of the unidentified driver and her injuries sustained, Plaintiff, Theresa Vogel, has been forced to undergo medical treatment for the injuries referred to above and will continue to need medical treatment into the future.

11. As a direct and proximate result of the above-described occurrence, the Plaintiff has in the past and will in the future continue to suffer mental anguish and physical pain, all of which have been to her great financial loss.

12. As a direct and proximate result of the above-described occurrence, the Plaintiff has in the past and will in the future continue to incur substantial medical expenses and insurance liens.

13. As a direct and proximate result of the above-described occurrence, the Plaintiff has in the past and will continue in the future to be unable to pursue her usual occupation in the same manner for extended periods of time from the date of the accident upon which this cause of action is based, she has suffered and will continue to suffer lost wages and lost employment benefits, all of which have been to her great financial loss.

14. As a direct and proximate result of the above-described occurrence, the Plaintiff will suffer a loss of earning power and capacity all of which will be to her great financial loss

15. As a direct and proximate result of the above-described occurrence, the Plaintiff has in the past and will continue in the future to be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiff's age and has suffered in the past and will continue to suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to his great financial loss.

16.  As a direct and proximate result of the above-described occurrence, the Plaintiff, Theresa Vogel, has suffered all of the damages set forth above.

17.  As of the filing of this Complaint, Plaintiff, Theresa Vogel, still continues to receive medical treatment for her injuries referred to above.

18.  Plaintiff, Theresa Vogel, is lawfully married to Plaintiff, Hermie Vogel.

19.  As a direct and proximate result of the above described occurrence, the Plaintiff, Hermie Vogel, has been denied the services and consortium of his wife, Theresa Vogel, from the time of the occurrence set forth herein up until the date of the filing of the Complaint, all of which has been to his great financial loss.

20.  As a direct and proximate result of the above described occurrence, the Plaintiff, Hermie Vogel, will in the future continue to be denied the services and consortium of his wife, Theresa Vogel, all of which will be to his great financial loss.

## COUNT I

### BREACH OF CONTRACT

21.  The Plaintiffs, incorporate here and by reference paragraphs 1 through 20 as if fully set forth at length.

22.  Based upon information and belief, the applicable policy of insurance issued by Defendant to Plaintiffs provided for uninsured motorist coverage of $100,000.00 which was designated as "non-stacked" coverage at the time of the subject accident.

23.  Plaintiffs timely paid and Defendant accepted increased premiums.

24.  The value of Plaintiffs' injury claims far exceeds the value of the policy limit yielding an uninsured motorist coverage limit of $100,000.00.

25. The applicable automobile insurance policy insuring Plaintiffs on September 13, 2017 represents a contract between Plaintiffs and the Defendant.

26. The uninsured motorist coverage provisions of the policy of insurance referred to in the preceding paragraph state the following in relevant part:

**UNINSURED MOTORISTS COVERAGE**

**COVERAGE AGREEMENT**

**We** will pay compensatory damages, including derivative claims, which are due by law to **you** or a **relative** from the owner or driver of an **uninsured motor vehicle** because of **bodily injury** suffered by **you** or a **relative**. Damages must result from an accident arising out of the:
1. ownership;
2. maintenance; or
3. use;
of the **uninsured motor vehicle**

27. Pursuant to the terms of the automobile insurance policy referred to above, the unidentified driver was operating an "uninsured motor vehicle", when the unidentified driver caused "bodily injury" to the Plaintiff in the accident.

28. At all times material hereto, Plaintiffs have been and continue to be entitled to uninsured motorist benefits under the terms of the policy of insurance issued by the Defendant and referred to above.

29. Defendant has an obligation to pay the fair value of the claim for bodily injury which the insured is legally entitled to recover from the unidentified drive rof an uninsured motor vehicle and has not done so to date.

30. On or about November 11, 2020, Plaintiffs made a demand for the available limits of the uninsured motorist coverage from the Defendant.

31. As of the filing of the instant Complaint, Defendant has failed to adequately pay Plaintiffs the fair and reasonable value of uninsured motorist benefits to which they are entitled

under the terms of the automobile insurance coverage provided for in the policy of insurance identified above.

32. At all times material hereto, Defendant's failure to adequately pay Plaintiffs fair and reasonable value of uninsured motorist benefits to which they are entitled under the terms of the applicable automobile insurance coverage referred to above constitutes a breach of the Defendant's contractual obligations under the terms of said policy.

33. As a direct result of the Defendant's breach of their contractual obligations to pay the fair and reasonable value of uninsured motorist benefits, the Plaintiffs, Theresa and Hermie Vogel, have sustained damages which exceed the $100,000.00 which is the total amount of coverage for uninsured motorists benefits provided by the policy.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant, Nationwide Mutual Insurance Company, for an amount in excess of One Hundred Thousand ($100,000.00) Dollars, together with interest, and the cost of this proceeding.

## COUNT II

## BAD FAITH

34. The Plaintiffs, incorporate here and by reference paragraphs 1 through 33 as if fully set forth at length.

35. At all times material hereto, the Defendant had a duty to the Plaintiffs to act in good faith and fair dealing when investigating and offering payment of uninsured motorist benefits provided for under the terms of the policy of insurance referred to above.

36. On May 13, 2020, prior to receiving Plaintiffs' demand, Defendant made an initial settlement offer of Seventeen Thousand and Five Hundred Dollars ($17,500.00).

37. On or about November 11, 2020, Plaintiffs made a demand for the available limits of uninsured motorist coverage from the Defendant based on Defendant's representation, i.e., $100,000.00.

38. In support of their demand, Plaintiffs provided Defendant with the medical treatment records substantiating all of the injuries referred to in paragraph nine (9) above.

39. In support of their demand, Plaintiffs provided Defendant with the medical treatment records substantiating the extensive medical treatment described in paragraph ten (10) above.

40. In support of their demand, Plaintiffs provided Defendants with the medical billing records from Plaintiff's, Theresa Vogel's, treatment providers substantiating the medical expenses described in paragraph twelve (12) above.

41. Plaintiffs at all times cooperated with Defendant's investigation of Plaintiffs' claim for uninsured motorist benefits, to the limited extent if any that Defendant conducted an investigation.

42. In response to Plaintiffs' demand, Defendant increased its settlement offer to Thirty Thousand Dollars ($30,000.00) on February 8, 2022.

43. Despite knowing and having been provided with clear evidence of the value of Plaintiff's injuries, medical treatment, and expenses as described in paragraphs nine (9) through twenty (20) above, the Defendant continues to undervalue Plaintiff's treatment and expenses.

44. On or about December 22, 2021, Plaintiffs made a second demand of the available limits of uninsured motorist coverage from the Defendant.

45. In contravention of the medical records and billings with which it had been supplied by Plaintiffs, Defendant refused in bad faith to pay the full benefits to which Plaintiffs are manifestly entitled.

46. Almost two (3) years have passed since Plaintiffs made their written demand of December 22, 2021, during which time the Defendant has never offered nor paid Plaintiffs the full uninsured motorist benefits to which they are legally entitled.

47. The Defendant knew and recklessly disregarded that Plaintiff's medical bills were rapidly increasing and would continue to increase into the future.

48. The Defendant knew and recklessly disregarded that any liens against Plaintiff's recovery were increasing and would continue to increase as a result of Plaintiff's, Theresa Vogel's, continue medical treatment for her injuries in this accident.

49. At all times material hereto, the Defendant has acted in bad faith in dealing with the Plaintiffs regarding their claim for uninsured motorist benefits by:

   (a) Failing to properly evaluate and value Plaintiffs' claim for uninsured motorist benefits; to wit, Defendants have *for almost two (2) years* delayed in making a reasonable offer to pay the sum of uninsured motorist benefits to Plaintiffs, despite knowing that Plaintiff, Theresa Vogel, remained under the care and treatment of medical professionals for the subject accident with medical bills and/or liens that continued to accrue, are still accruing, and will accrue in the future; and

   (b) Failing to negotiate in good faith and offer a reasonable payment to Plaintiffs on their uninsured motorist benefits claim; to wit, in addition to the failures set forth in subsection (a) of this paragraph above, Defendant undervalued Plaintiffs' uninsured motorist claim, and paid nothing, despite knowing that the clear, obvious, and medically-supported value of Plaintiffs' injuries as set forth in detail in paragraphs nine (9) through seventeen (17) above, which necessitated substantial and ongoing medical treatment, far

exceeds the amount available to Plaintiffs under the uninsured policy with Defendant and will only continue to increase in value as Plaintiff's treatment continues;

(c) Failing to promptly pay the Plaintiffs the amount which Defendant valued the claim to be worth thus retaining monies which lawfully belong to Plaintiffs, in the manner described in subsections (a) and (b) of this paragraph above;

(d) Failing to timely respond to Plaintiffs' demand; to wit, in the over two (2) years that has passed since Plaintiffs made their last written demand of December 22, 2021, which conclusively demonstrates that Plaintiffs' damages far exceed the amount available to Plaintiffs under the uninsured policy with Defendant, Defendant has failed to reasonably support their denial of the claim and refusal to pay;

(e) Failing to properly and promptly communicate with Plaintiffs about their claim for uninsured motorist benefits.

50. Given their lack of proper and timely communication, and given their willful ignorance of the substantial injuries, treatment, and billing with which they were presented as described above, Defendant lacked a reasonable basis for denying Plaintiffs full uninsured motorist benefits and refusing to pay any amount of same, and knew and recklessly disregarded its lack of reasonable basis for denying the benefits and refusing to pay same.

51. As a direct and proximate result of the Defendant's actions in bad faith, Plaintiffs have been damaged to the extent that they have not received the fair value of uninsured motorist

benefits to which they were legally entitled under the terms of the automobile insurance policy referred to above.

52. Pursuant to 42 Pa. C.S.A. § 8371, Plaintiffs are entitled to compensatory damages together with interest on the amount of the claim from the date the claim was made by the Plaintiffs in an amount equal to the prime rate of interest plus three (3%) percent, punitive damages, court costs and attorneys' fees.

WHEREFORE, Plaintiffs demand that judgment be entered against the Defendant for an amount in excess of One Hundred Thousand ($100,000.00) Dollars together with interest on the amount of their claim from the date the claim was made by the Plaintiffs in the amount equal to the prime rate of interest plus three (3%) percent, punitive damages, court costs, and attorneys' fees.

Respectfully submitted:

By: _____
CHARLES BRUNO, ESQUIRE
Supreme Court ID No.: 52812

DATE: 12/14/2023

By: _____
TIMOTHY C. JONES, ESQUIRE
Supreme Court ID No.: 323729

DATE: 12/14/2023

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Charles Bruno, Esq.
Signature: *[signature]*
Name: Charles Bruno, Esq.

Attorney No. (if applicable): 52812

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
THERESA VOGEL

_____
HERMIE VOGEL

DATED: 12/14/2023